IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. PATRELLE JOSE GREEN-BOWMAN, Defendant. | No. 13-CR-2023-LRR  **ORDER** |

## I. INTRODUCTION

The matters before the court are the government's "Motion for Ruling Pursuant to Rule 104" ("Government Motion") (docket no. 43) and Defendant Patrelle Jose Green-Bowman's "Motion Pursuant to Rule 104" ("Defense Motion") (docket no. 44) (collectively, "Motions").

## II. RELEVANT PROCEDURAL HISTORY

On October 9, 2013, the government filed a two-count Superseding Indictment (docket no. 6) against Defendant. The Superseding Indictment charges that, on or about August 2, 2013, Defendant knowingly possessed a firearm after having been convicted of a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and such firearm was not registered to Defendant in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871. On December 16, 2013, the government filed the Government Motion. Also on December 16, 2013, Defendant filed the Defense Motion. On December 23, 2013, the court held a final pretrial conference at which it heard argument on the Motions. *See* December 23, 2013 Minute Entry (docket no. 55). Also on December 23, 2013, Defendant filed a Resistance to the Government Motion (docket no. 56), and the government filed a Resistance to the Defense Motion (docket no. 60).

## III. ANALYSIS

### A. *Government Motion*

In the Government Motion, the government requests that the court admit testimony from an officer regarding an incident from August 2011 in which the officer allegedly saw Defendant in possession of a handgun after running from police. The government also seeks to admit a certified judgment of conviction for Defendant's misdemeanor charge of carrying weapons that sprang from the August 2011 incident. Finally, the government also seeks to admit testimony from two lay witnesses who would testify that they have seen Defendant with firearms in Waterloo before. The government argues that this evidence is admissible pursuant to Federal Rule of Evidence 404(b) to show Defendant's knowledge, intent and absence of mistake or accident. *See* Brief in Support of Government Motion (docket no. 43-1) at 4-5.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). The Eighth Circuit Court of Appeals has adopted a four-factor test to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*Id.* (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).  The court will examine each of these factors in turn.

### 1. Prior conviction

First, evidence that Defendant "possessed a firearm on a previous occasion is relevant to show knowledge and intent." *United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006); *see also United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) (holding that evidence of the defendant's two prior firearms offenses was relevant to show knowledge and intent where the defendant was charged with being a felon in possession of a firearm).

Second, Defendant's possession of the firearm in August 2011 is also similar in kind and close in time to the current charged offense.  Previous possession of a firearm is nearly identical to the issue of whether Defendant possessed the firearm as charged in the Superseding Indictment and, therefore, evidence that Defendant had previously possessed a firearm is similar in kind.  Moreover, the August 2011 incident occurred only two years prior to the charged offense.  *See United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that prior bad acts "were sufficiently close in time" when they were committed "within four years of the charged conduct").

Third, Evidence of Defendant's possession of the firearm in August 2011 is supported by sufficient evidence.  The government intends to introduce a certified judgment of conviction as well as eyewitness testimony that witnesses observed Defendant with firearms.  This evidence is sufficient for a reasonable jury to conclude that Defendant in fact previously possessed firearms.  *See Huddleston v. United States*, 485 U.S. 681, 689 (1988) (noting that evidence is sufficient "if the jury can reasonably conclude that the act occurred and that the defendant was the actor"); *see also United States v. Jourdain*, 433 F.3d 652, 659-60 (8th Cir. 2006) (discussing the sufficiency-of-the-evidence requirement).

Finally, evidence that Defendant previously possessed firearms is not so prejudicial that it outweighs its probative value. While the court does not doubt that Defendant will suffer some prejudice, such prejudice does not outweigh the highly probative value of the evidence of Defendant's prior possession of firearms. As the government notes, "[t]he crucial issue at trial will be whether [D]efendant knowingly possessed the firearm," and, thus, evidence that Defendant possessed firearms in the past is probative of the issue. Brief in Support of Government Motion at 7. Moreover, any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

Accordingly, evidence related to Defendant's prior firearm conviction in August 2011 is admissible, and the court shall grant the Government Motion to the extent it seeks to admit evidence of Defendant's prior firearm conviction.

### 2. *Lay witness testimony*

First, testimony of the lay witnesses that Defendant has previously possessed a firearm is "relevant to show knowledge and intent." *Walker*, 470 F.3d at 1274.

Second, the court reserves ruling about whether the lay witness testimony is similar in kind and close in time to the current charged offense.

Third, the court reserves ruling about whether the lay witness testimony is supported by sufficient evidence. At this time it is unclear whether this testimony will be sufficient for a reasonable jury to conclude that Defendant in fact previously possessed firearms. *Huddleston*, 485 U.S. at 689.

Finally, the court reserves ruling about whether prejudice that Defendant may suffer by admission of this testimony substantially outweighs its potential probative value.

Thus, in light of the foregoing, the court finds that evidence of Defendant's previous conviction for possessing firearms is admissible under Rule 404(b), but the court reserves ruling about whether the proposed lay witness testimony is admissible under Rule 404(b). Accordingly, the court shall grant the Government Motion in part and reserve ruling in part.

### B. *Defense Motion*

In the Defense Motion, Defendant requests that the court admit Facebook posts and video of police interviews of government witnesses Clay Gilmer and Eric Webster. The Facebook posts associated with Gilmer's Facebook account contain a picture of a gun, messages referencing the gun and pictures of a green substance that appears to be a user quantity of marijuana with text referencing marijuana. *See* Defense Exhibits (docket no.44-2) A1-A7. The Facebook post associated with Webster's account contains text of what appears to be some sort of lyrics that include references to guns. *See* Defense Exhibits B1-B2. The video of the police interview with Gilmer includes statements by Gilmer about his relationship to guns, statements by the interrogating officer that Defendant contends will later become a part of Gilmer's trial testimony and statements by the interrogating officer that Defendant alleges are lies. Defendant contends that the video of the police interview with Webster shows how intoxicated Webster was on the night of the alleged crimes for which Defendant is on trial.

Because the court finds that it cannot determine the admissibility of the interviews with Gilmer and Webster until it has heard the evidence at trial, the court shall reserve ruling. The court shall also reserve ruling as to the photo of the firearm on Gilmer's Facebook page. However, regardless of the admissibility of the firearm on Gilmer's facebook page, the associated comments not made by Defendant are not admissible.

5

The court finds that Gilmer's Facebook posts that contain pictures and references to marijuana are inadmissible, and thus the court shall deny the Defense Motion as to evidence of marijuana possession on Gilmer's Facebook page, specifically Defense Exhibits A5, A6 and A7.

Defendant argues that evidence of marijuana possession is relevant because weapons are a tool of the trade for narcotics dealers and, thus, the evidence of marijuana possession shows that Gilmer did not provide truthful statements to police officers. *See* Defense Motion at 3. Defendant's reliance on *United States v. Westbrook*, 896 F.2d 330 (8th Cir. 1990), is inapposite. The Eighth Circuit Court of Appeals held in *Westbrook* that "[e]vidence relating to weapons is admissible to prove narcotics violations." *Id.* at 335. Here, neither the government nor Defendant is attempting to show narcotics violations. Moreover, because the photograph in the Facebook photo shows, at best, a user quantity of marijuana, any connection to firearms is very tenuous. Whether Gilmer possessed a user quantity of marijuana is wholly irrelevant to any material issue in this case. Fed. R. Evid. 401(b) ("Evidence is relevant if the fact is of consequence in determining the action."). Moreover, any probative value that evidence of marijuana use might have is "substantially outweighed by a danger of . . . confusing the issues . . . [and] wasting time." Fed. R. Evid. 403. Accordingly, the court shall deny the Defense Motion to the extent it seeks to admit evidence of Gilmer's marijuana possession, specifically Defense Exhibits A5, A6 and A7.

The court finds the Facebook post on Webster's Facebook page to be inadmissible. Defendant contends that the following portion of the post containing references to firearms is admissible:

> i pay you nobodys no mind so you kunts get no attention but penetrations from a barrel fulled with hollo points ready to fuck ya ligaments and ya arteries no need to aim cause the vision 20/20 so its impossible for a nigga to miss the temple

> plus you joker cowards boy aint shit but some knock off im
> ready whenever i pop shit off like pimple

Defense Exhibit B2. In context, the Facebook post appears to be nothing more than lyrics; Webster does not state that he possesses firearms or even that he has anything to do with firearms. Any connection of these apparent lyrics to a fact of consequence in this case is so tenuous that the probative value of this post is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay [and] wasting time." Fed. R. Evid. 403. Accordingly, the court shall deny the Defense Motion to the extent it seeks to admit the Facebook post of Webster, and Defense Exhibit B2 is inadmissible.

### IV. CONCLUSION

In light of the foregoing, the court **HEREBY ORDERS**:

(1) The government's "Motion for Ruling Pursuant to Rule 104" (docket no. 43) is **GRANTED IN PART** and the court **RESERVES RULING IN PART**; and

(2) Defendant Patrelle Jose Green-Bowman's "Motion Pursuant to Rule 104" (docket no. 44) is **DENIED IN PART** and the court **RESERVES RULING IN PART**.

**DATED** this 27th day of December, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA