**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-2023-LRR |
| vs. | **ORDER** |
| PATRELLE JOSE GREEN-BOWMAN, | |
| Defendant. | |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*
*II.  RELEVANT PROCEDURAL HISTORY.* . . . . . . . . . . . . . . . . . . . . . . . . . *2*
*III. RELEVANT TRIAL EVIDENCE.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
*IV.  MOTION FOR JUDGMENT OF ACQUITTAL.* . . . . . . . . . . . . . . . . . . . . *4*
    *A.  Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.  Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
*V.   MOTION FOR NEW TRIAL.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *A.  Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.  Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *1.  Knowledge at issue.* . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *2.  Propensity.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
*VI.  CONCLUSION..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

## *I. INTRODUCTION*

    The matter before the court is Defendant Patrelle Jose Green-Bowman's "Motion for Judgment of Acquittal and Motion for New Trial" ("Motion") (docket no. 133).

## II. RELEVANT PROCEDURAL HISTORY

On October 9, 2013, a grand jury returned a two-count Superseding Indictment (docket no. 6) against Defendant. Count 1 charged Defendant with knowingly possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 2 charged Defendant with knowingly possessing a shotgun with a barrel of less than eighteen inches that was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871. The Superseding Indictment also included a forfeiture allegation.

On December 30, 2013, a jury trial commenced on Counts 1 and 2 of the Superseding Indictment. On December 30, 2013, at the close of the government's evidence and after Defendant represented to the court that he did not intend to present evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the court denied. December 30, 2013 Minute Entry (docket no. 65). On December 31, 2013, the jury returned guilty verdicts on Counts 1 and 2 of the Superseding Indictment. *See* Vacated Jury Verdicts (docket no. 74).

On January 14, 2014, Defendant moved for a judgment of acquittal and "request[ed] that the court grant [his] motion for judgment of acquittal on the grounds that the government failed to present sufficient evidence to establish all of the elements of the crimes charged beyond a reasonable doubt." January 14, 2014 Motion for New Trial and Motion for Judgment of Acquittal ("First Motion") (docket no. 80) at 1. Defendant also "conditionally and alternatively request[ed] that the court grant him a new trial in the interest of justice on the ground that the jury verdict[s] [were] against the weight of the evidence." *Id.* On April 8, 2014, the court denied the First Motion as to the judgment of acquittal, but granted Defendant a new trial. *See* April 8, 2014 Order (docket no. 95). On May 12, 2014 a second jury trial commenced on Counts 1 and 2 of the Superseding Indictment. On May 13, 2014, at the close of the government's evidence and at the close

of all the evidence, Defendant moved for a judgment of acquittal, which the court denied. May 13, 2014 Minute Entry (docket no. 121) at 1. On that same date, the jury returned guilty verdicts on Counts 1 and 2 of the Superseding Indictment. *See* Jury Verdicts (docket no. 126).

On May 27, 2014, Defendant filed the Motion, in which Defendant "requests that the court grant [his] motion for judgment of acquittal on the grounds that the government failed to present sufficient evidence." Motion at 1. Defendant also "conditionally or alternatively requests that the court grant him a new trial in the interest of justice." *Id*. On June 6, 2014, the government filed a Resistance (docket no. 134) to the Motion, arguing that it presented sufficient evidence to sustain the jury's verdicts and the interest of justice does not require a new trial. Defendant has not filed a reply, and the time for doing so has now expired. *See* LCrR 47 ("Local Rule 7 governs motion procedure in criminal cases . . . ."); LR 7(g) ("[T]he moving party may, within 7 days after a resistance to a motion is served, file a reply brief . . . ."). The Motion is fully submitted and ready for decision.

### III. RELEVANT TRIAL EVIDENCE[1]

Viewed in the light most favorable to the government, the trial evidence showed that on August 2, 2013, officers from the Waterloo, Iowa police department were on foot patrol near Conger Street and Logan Avenue in Waterloo. The officers approached two vehicles, and the people near the vehicles appeared to be attempting to jump start one of the vehicles. As the officers approached the vehicles, they noticed that Defendant was talking on the phone while sitting in the back seat of one of the cars on the passenger side. Defendant was the only person sitting inside that vehicle, and when officers walked up to

---

[1] When relevant, the court relies on and discusses additional facts in conjunction with its analysis of the law.

Defendant, he immediately stood up and walked away from the vehicle without saying anything to the officers.

The officers walked around the vehicle in which Defendant had been sitting, shined a flashlight into the back seat and noticed the handle of a shotgun protruding from underneath Defendant's Chicago Cubs coat. The shotgun was partially wrapped in the coat and had a sawed-off barrel measuring less than eighteen inches in length.

The government also presented evidence of Defendant's prior acts pursuant to Federal Rule of Evidence 404(b) to show that Defendant was convicted of carrying weapons in Blackhawk County, Iowa in 2011.

### IV. MOTION FOR JUDGMENT OF ACQUITTAL

#### A. Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well-settled that jury verdicts are not lightly overturned. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 890 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006). The court must uphold the jury's verdict so long as a reasonable-minded jury could have found the defendant guilty beyond a reasonable doubt. *Id.* Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the

credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

## B. Analysis

In the Motion, Defendant reasserts the argument he made in the First Motion that the government did not present sufficient evidence to sustain the jury verdict. For the reasons set forth in the court's April 8, 2014 Order, the court shall deny the Motion to the extent it seeks a judgment of acquittal. *See* April 8, 2014 Order at 4-8.

## V. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court is granted broad discretion in considering a motion for a new trial. *Peters*, 462 F.3d at 957. A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation mark omitted). However, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'" *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Rule 33 than in granting motions for judgment of acquittal under Rule 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored." *Campos*, 306 F.3d at 579. District courts "must exercise the Rule 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court's

5

standard of review differs from the standard that is applied to a motion for judgment of acquittal:

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

### *B. Analysis*

In the Motion, Defendant argues that the government improperly used Defendant's prior firearm-related conviction because: (1) knowledge was not an issue at trial and (2) the government improperly argued propensity in its closing arguments.

#### *1. Knowledge at issue*

Defendant reasserts his argument from the First Motion that because "Defendant's *possession* or lack thereof was the sole issue [at] trial" and Defendant's prior firearms conviction "was only admissible to prove knowledge, intent, or lack of mistake and . . . there was no such issue before the jury, . . . admission and use of the past gun charge was, at the very least, inadmissible as irrelevant and, likely, presented prejudice that far outweighed the non-existent probative value." Brief in Support of the First Motion (docket no. 80-1) at 9-10; Brief in Support of the Motion (docket no. 133-1) at 2 (reasserting the argument presented in the First Motion). Defendant does not present any additional

6

argument related to knowledge in the Motion. Accordingly, for the reasons set forth in the court's April 8, 2014 Order, the court shall deny the Motion to the extent Defendant seeks a new trial because knowledge was not an issue at trial. *See* April 8, 2014 Order at 10-11; *see also* December 27, 2013 Order (docket no. 63) (ruling that the government is permitted to introduce evidence of Defendant's prior firearm conviction to show knowledge and intent).

### 2. *Propensity*

Defendant argues that "the [g]overnment's extensive discussion of Defendant's prior conviction went well beyond the permissible limits of [Federal] Rule [of Evidence] 404(b)," and that the government "intended to depict Defendant as someone prone to committing firearm offenses and then fleeing." Brief in Support of the Motion at 4, 6.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006).

Claims that the government improperly argued during closing statements are analyzed under a prosecutorial misconduct framework. *See, e.g.*, *United States v. Spencer*, ___ F.3d ___, ___, 2014 WL 2109363, at *2 (8th Cir. May 21, 2014). "'To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial.'" *Id.* (quoting *United States v. King*, 36 F.3d 728, 733 (8th Cir. 1994)).

Here, Defendant contends that the following government statements during closing argument were improper:

> Now, the last bit of evidence that I want to talk about is this August 28th of 2011 incident, because this, again, provides the context for August 2nd. The defendant on August 2nd had previously been convicted of a firearm offense, this misdemeanor carrying weapons charge from 2011. So this is the context for the defendant on August 2nd, his mindset.
>
> Remember what happened in that case. We heard the testimony of Officer Savage and the read testimony of Officer Zubak about the defendant's actions on August 28th of 2011. The defendant had a gun in a backpack. It may have been someone else's gun who just shot it off, but, again, the defendant had the gun in the backpack, and he knew it. He saw the police. And what did he do? He ran.

Government's Closing Argument Transcript (docket no. 130) at 11-12. Defendant objected, and the court overruled the objection. *Id*. at 13. The government continued:

> The defendant ran away. Walked quickly into the bar, I believe the testimony was. He went through the bar, out the front, and then went back inside the bar.
>
> And then remember the testimony that was read about Officer Zubak, what he saw of the defendant acting when the defendant knew he was in possession of a firearm. What did he see when the defendant—or when he got into that bar, the Bosnian bar? He sees the defendant calmly trying to mingle with a group of 50- to 60-year-old Bosnian men.
>
> Remember also what the defendant had just done, as he was attempting this mingling activity. He had just tossed the bag that had the gun—

*Id*. Defendant again objected and stated at sidebar that this was a standing objection. The court again overruled the objection. *Id*. at 13-15. The government continued:

8

So we know on August—on August 28, 2011, the defendant knew he had the gun in the backpack. His acts when he knew that he had something illegal in the past demonstrate his acts that he—that he engaged in on August 2nd. He attempted to distance himself from the gun, and, then, when asked about it in the interview, he told a lie, "Didn't know the gun"—"All I knew in the bag was this BB gun."

And then he's confronted with it, and then he says, "All I"—"It was this guy, Bear."

Confronted again, and, then, eventually came up with the answer, that, "Yes, I knew the gun was there. Yes, I—I had the gun on that day. I was carrying that weapon."

Now, look at what the defendant did in this case. The officer walks up. He walks away from the evidence that's in the car. Now, did he run away? No. He didn't run away. Did he go—did he keep walking? Did he leave the scene entirely? No. He was nonchalant.

Recall that the defendant had this conviction prior to August 2nd of 2013. It shows what he knows, what happens: *When I have a gun, when I run, and when I eventually admit that I had the gun, I get convicted of carrying a weapon*.

So what did he do here? He walks away. He lies about even being in the car, an obvious lie. He walks away nonchalantly. The defendant knew—based on the context of what he had done previously and what happened the time previously, it shows what he knew on that day and why he acted the way he did. This isn't an accident. It's not a mistake that he acted the way he did or that he said the things that he said to the officers. Those aren't mistakes. This isn't an innocent mistake. This is someone who is attempting to distance himself from the—from the firearm that's in the car.

Now, there's not really any dispute about the events of August 28, 2011, so the instruction relating to the "other acts

9

> evidence" says that you can consider that evidence if you find it more likely than not that the defendant committed those acts. Now, there's really no dispute the defendant committed those acts. He's pled guilty to them. He was—he was convicted of a crime for them. No dispute. So you can consider that evidence as to the knowledge, the intent, and the absence of mistake or fact [sic] as the judge instructed you in Instruction Number 13.

*Id.* at 15-17 ([sic] in original).

Upon reviewing the transcript of the government's closing argument, the court concludes that the government did not argue that Defendant had a propensity to commit crimes or to possess firearms. The government did not argue that Defendant is the type of person to possess a gun, which would be a violation of Federal Rule of Evidence 404(b). Rather, the government's argument can be summarized as the following: (1) when Defendant had knowledge of and the intent to exercise dominion and control over a gun in 2011 he attempted to distance himself from the gun; (2) Defendant attempted to distance himself from the gun in this case; and, therefore (3) Defendant had knowledge of and the intent to exercise dominion and control over the gun in this case. This argument goes directly to the issue of whether Defendant had knowledge of and the intent to exercise dominion and control over the gun. *See* Fed. R. Evid. 404(b)(2) (stating that evidence of a crime "may be admissible for another purpose, such as proving . . . intent . . . [or] knowledge"). At no point did the government argue that because Defendant was convicted of illegally possessing a gun in the past, he was more likely to have possessed a gun in this case. Moreover, the court explicitly instructed the jury in Instruction 13 that it could only consider Defendant's prior firearm conviction "to help [it] decide whether the defendant knowingly possessed a firearm on August 2, 2013, whether the defendant had the intent to exercise dominion or control over the firearm . . . and whether his alleged possession of a firearm on August 2, 2013, was a product of mistake or accident." Final Jury Instructions (docket no. 124) at 14. The court also instructed the jury that it "may not

convict a person simply because [it] believe[d] he may have committed similar acts in the past." *Id.* Further, "'[a] jury is presumed to follow [a court's limiting] instructions.'" *United States v. Betterton*, 417 F.3d 826, 832 (8th Cir. 2005) (quoting *United States v. Flute*, 363 F.3d 676, 678 (8th Cir. 2004)). The court finds that the government did not improperly argue Defendant's propensity to commit crime, and thus Defendant has not shown that the government engaged in prosecutorial misconduct. *See Spencer*, ___ F.3d at ___, 2014 WL 2109363, at *2 (requiring a defendant to prove that the government's remarks were improper and that such improper remarks prejudiced the defendant). Accordingly, the court shall deny the Motion to the extent it seeks a new trial for prosecutorial misconduct.

## VI. CONCLUSION

In light of the foregoing, Defendant Patrelle Jose Green-Bowman's "Motion for Judgment of Acquittal and Motion for New Trial" (docket no. 133) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 30th day of June, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA